IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGETTE SHARP,<br><br>        **Plaintiff,**<br><br>v.<br><br>GENERAL MOTORS<br>ACCEPTANCE CORPORATION<br>and LAMAR BARNETT,<br><br>        **Defendants.** | 1:04-cv-2692-WSD |

**ORDER**

  This is an employment discrimination action filed by Plaintiff Georgette Sharp ("Plaintiff") against her former employer, Defendant General Motors Acceptance Corporation ("GMAC"), and her former supervisor, Defendant Lamar Barnett ("Barnett") (collectively, "Defendants"). It is before the Court on the Magistrate Judge's Report and Recommendation [54] on GMAC's Motion for Summary Judgment [36] and Barnett's Motion to Dismiss [38], as well as Plaintiff's Objections to the Report and Recommendation [55] and GMAC's response to Plaintiff's Objections [57].[1] [2]

---

[1] The Magistrate Judge's Report and Recommendation was issued on November 10, 2005. Plaintiff timely filed her Objections to the Report and Recommendation on November 18, 2005. Pursuant to Rule 72 of the Federal

## I. BACKGROUND

Plaintiff asserts a claim for hostile work environment sexual harassment under Title VII against GMAC, and a state-law claim for intentional infliction of emotional distress against Barnett. The Magistrate Judge recommended that the Court grant summary judgment on Plaintiff's Title VII claim. (R&R at 3-8.) The Magistrate Judge also found that, in light of the recommended ruling on Plaintiff's federal-law claim, the Court should decline to exercise supplemental jurisdiction over her state-law claim against Barnett. (Id. at 8-9.) In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected. The Court has reviewed the

---

Rules of Civil Procedure, responses to Plaintiff's objections were due to be filed within ten (10) days after service of the objections. See Fed. R. Civ. P. 72(b). GMAC filed its response to Plaintiff's objections on December 8, 2005. Because Plaintiff did not attach a certificate of service to her objections, the Court cannot determine whether GMAC's response is timely. Accordingly, the Court shall consider GMAC's response in its review of the Report and Recommendation.

[2] Inexplicably, Barnett filed a second Motion to Dismiss on December 8, 2005 [56]. This motion appears to duplicate Barnett's initial motion, and it states an August 2005 filing date -- the month his initial motion was filed. Accordingly, the Court presumes this second motion to dismiss was filed in error and it is DENIED AS MOOT.

remainder of the Report and Recommendation for plain error.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.   DISCUSSION

Plaintiff asserts three objections to the Report and Recommendation.  First, she argues the Magistrate Judge erred in deeming GMAC's statement of material facts to be uncontroverted.  (Pl.'s Objections to R&R at 1-2.)  Second, Plaintiff contends the Magistrate Judge incorrectly concluded that her Title VII hostile work environment claim against GMAC is untimely.  (<u>Id.</u> at 2-4.)  Third, Plaintiff argues the Magistrate Judge erred in recommending that the Court decline to exercise supplemental jurisdiction over her state-law claim against Barnett.  (<u>Id.</u> at 4.)  The Court will address these objections in turn.[3]

### A.   <u>Plaintiff's Response to GMAC's Statement of Material Facts</u>

Local Rule 56 requires the movant for summary judgment to include with the motion and memorandum of law a separate, concise, numbered statement of the material facts as to which it contends there is no genuine issue to be tried, and

---

[3] The Magistrate Judge set out in her Report and Recommendation the standard for evaluating a motion for summary judgment.  The parties have not objected to the Magistrate Judge's statement of the summary judgment standard and it is adopted and applied by the Court.

requires the non-movant to respond to the statement of material facts by objecting to, admitting or specifically refuting each fact. L.R. 56.1B(1), (2)(a), N.D. Ga. Non-movants are expressly admonished that failure to refute the statement of material facts in the manner required by Local Rule 56 will result in the Court's deeming each of the movant's facts to be admitted. Id. at 56.1B(2)(a)(2). In this case, GMAC filed a statement of material facts that meets the requirements of Local Rule 56, and Plaintiff failed to refute this statement in the manner required by Local Rule 56. (R&R at 5-8.) Consequently, GMAC's material facts are deemed to be admitted.

Plaintiff attached to her objections a supplemental response to GMAC's statement of material facts, presumably requesting that the Court revisit the Magistrate Judge's determination that GMAC's material facts should be deemed to be admitted. She offers no explanation of or justification for her failure to include these materials in her summary judgment briefing or otherwise comply with the straightforward requirements of the Local Rules. Under these circumstances, the Court declines to consider her supplemental response and her objection is OVERRULED. See Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended decision [of the magistrate judge], receive further

evidence, or recommit the matter to the magistrate judge with instructions.")

>   B.   Plaintiff's Title VII Claim Against GMAC

Plaintiff's second objection concerns the Magistrate Judge's conclusion that her Title VII hostile work environment claim is untimely. A plaintiff may recover damages under Title VII only for known or unlawful practices that occurred within 180 days of filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(e)(1). Because hostile work environment claims are based on "the cumulative effect of individual acts," such claims may include alleged harassment occurring outside of the 180-day period and still be considered timely so long as at least one act contributing to the claim occurred within 180-day period. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002) ("A charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."); Gibson v. Hickman, 38 F. Supp. 2d 1369, 1373 (M.D. Ga. 1999) ("[I]f just one event occurred during the 180 day period which may not be, standing alone, sexual harassment, but this incident is alleged to be part of a continuous and related string of events which in the aggregate constitutes sexual harassment then

the claim is not barred by the 180 day statute of limitations.").

Plaintiff filed the relevant EEOC charge on June 9, 2004. Thus, the issue of timeliness in this case depends on whether Plaintiff has shown an act of alleged harassment by Barnett that occurred on or after December 12, 2003 (180 days prior to her June 9, 2004 Charge). See Morgan, 536 U.S. at 120 ("A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period."). If such an act occurred after December 12, 2003, her hostile work environment claim is timely, and must be considered on the merits. If not, her claim is time-barred and must be dismissed. See Morgan, 536 U.S. at 108 ("In the context of . . . the timely filing requirements of Title VII, . . . 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'") (citing Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

Plaintiff in her response to GMAC's Motion for Summary Judgment failed to point the Court to an alleged act of harassment by Barnett which occurred on or after December 12, 2003. She merely alleged, without citation, that "[t]he alleged sexual harassment by Defendant Barnett continued from early 2002 through [May

-6-

18, 2004,] the date [Plaintiff] was admitted to the hospital suffering from depression." (Pl.'s Opp'n to GMAC's Mot. for Summ. J. at 5.) This unsupported allegation is not sufficient to avoid summary judgment on this issue. See Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999) ("Once the moving party has met [its burden under Rule 56], the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial."); Ruffino v. State Street Bank & Trust Co., 908 F. Supp. 1019, 1039 (D. Mass. 1995) (holding that the plaintiff's vague allegation of "ongoing" sexual harassment during the limitations period was not sufficient to avoid summary judgment on the ground that her Title VII claim was untimely: "Mere allegations of 'ongoing' harassment [during the limitations period] . . . are insufficient. [T]here must be more than the legacy of suspicion and on-going ill feeling on the part of the plaintiff from past acts for her to jump the hurdle set up by the limitations period.").

Plaintiff in her objections attempts to overcome this deficiency. She argues that GMAC's alleged refusal to remedy Barnett's pre-December 2003 harassment qualifies as an act of alleged harassment occurring on or after December 12, 2003. (Pl.'s Objections to R&R at 3.) In addition, she claims that certain e-mails sent by

Plaintiff to GMAC personnel in January, February, March and April 2004 demonstrate that Barnett's alleged harassment continued after December 2003. (Id.)  Having reviewed these arguments, the Court finds they are insufficient to show that an alleged act of harassment by Barnett occurred on or after December 12, 2003.

First, Plaintiff fails to demonstrate grounds for the Court to consider these belated arguments.  As discussed above, Rule 72 of the Federal Rules of Civil Procedure affords a district court wide discretion to consider arguments and evidence not submitted to the magistrate judge.  See Fed. R. Civ. P. 72(b); see also Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review.").  The arguments and evidence which Plaintiff requests the Court to consider were available to her at the time of her response to GMAC's Motion for Summary Judgment.  She does not explain or justify why she failed to include these arguments in her summary judgment briefing, and the Court declines to consider them now.  Doing so would invite future litigants to adopt a

"wait and see" approach with respect to the magistrate judge's decision and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge to consider. See Freeman v. County of Bexar, 142 F.3d 848, 852 (5th Cir. 1998) ("Litigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.").

Second, even if the Court considered these arguments, they are without merit. Plaintiff contends that "[t]he sexual harassment charges and GMAC's refusal to adequately address them are so intertwined that the combination constitutes the hostile work environment alleged in Plaintiff's complaint." (Pl.'s Objections to R&R at 3.) Plaintiff does not cite, nor is the Court aware of, any authority for the proposition that GMAC's alleged failure to remedy Barnett's pre-limitations-period conduct constitutes an "act" of sexual harassment which occurred within 180 days of her EEOC charge, thus making her Title VII claim timely. In fact, several courts have rejected this exact argument. See, e.g., Cooper v. Wyeth Ayerst Lederle, 106 F. Supp. 2d 479, 489-90 (S.D.N.Y. 2000) (holding that the employer's alleged failure adequately address the plaintiff's sexual-harassment complaints during the limitations period did not constitute an "act" of harassment for statute-of-limitations purposes: "To the extent Plaintiff is

suggesting that [her employer's] failure to conduct a sufficiently vigorous investigation, or to propose a remedy that she believed would be appropriate in the circumstances, represents a continuation of [her supervisor's] harassment and retaliation, I reject that argument."); Ruffino, 908 F. Supp. at 1039-40 (holding that the employer's alleged failure to adequately investigate the harassing supervisor's conduct did not constitute an act of harassment within the limitations period). The Court agrees with these decisions and likewise holds that GMAC's alleged failure to adequately remedy Barnett's alleged sexual harassment does not constitute an "act" of harassment for purposes of evaluating whether Plaintiff's hostile work environment claim is time-barred.[4]

Plaintiff also argues that certain e-mails sent by Plaintiff to GMAC personnel in January, February, March and April 2004 demonstrate that Barnett's alleged harassment continued after December 12, 2003. (Pl.'s Objections to R&R at 3.)

---

[4] This conclusion is further supported by Eleventh Circuit decisions holding that, with respect to discrete acts of alleged discrimination, such as discharge and failure to promote, "allegations that the discriminatory act continues to adversely affect the employee or that the employer presently refuses to rectify its past violation will not satisfy the requirement of [Title VII] that the plaintiff file his charge of discrimination within 180 days of the discriminatory act." Beavers v. Am. Cast Iron Pipe Co., 975 F.2d 792, 796 (11th Cir. 1992) (citing Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 249 (5th Cir. 1980)).

Having reviewed the e-mails in question, the Court disagrees. Plaintiff in these e-mails does not identify alleged harassing conduct by Barnett occurring after December 12, 2003. While she makes passing reference to alleged harassing conduct occurring in 2002 and possibly early 2003, she does so only in connection with her allegation that GMAC personnel other than Barnett retaliated against her for having complained about Barnett's prior conduct. Plaintiff's allegations of retaliation, even if true, cannot revive her untimely hostile work environment claim. See Menefee v. Montgomery County Bd. of Educ., 137 Fed. Appx. 232, 233-34 (11th Cir. 2005) (holding Title VII hostile work environment claim was time-barred because pre-limitations period conduct and the conduct occurring within 180 days of the plaintiff's EEOC charge were not part of the same actionable hostile work environment practice: the pre-limitations period conduct was sexually harassing in nature, and the conduct occurring within the 180 days was retaliatory in nature, not sexually harassing or gender-based); Ruffino, 908 F. Supp. at 1039-40 (holding that alleged retaliatory conduct within the limitations period did not constitute an "act" of harassment sufficient to rescue Plaintiff's otherwise time-barred hostile work environment claim: "To be sure, where a plaintiff claims hostile environment discrimination and retaliation the two causes of action are often factually and legally

intertwined.  However, retaliation is a distinct cause of action, motivated, at least in part, by a distinct intent to punish or to rid a workplace of someone who complains of unlawful practices.  Unless specific facts suggest otherwise, the simple factual and legal intersection between an underlying claim of discrimination and retaliation is insufficient to revive an otherwise stale claim.").[5] [6]

Because Plaintiff failed to point the Court to an alleged act of harassment by Barnett which occurred on or after December 12, 2003, and because her arguments here, even if considered, do not refute that her Title VII hostile work environment claim is time-barred, her objection is OVERRULED.

### C.     Plaintiff's State-Law Claim Against Barnett

Finally, Plaintiff argues the Magistrate Judge erred in recommending that the Court decline to exercise supplemental jurisdiction over her state-law claim for intentional infliction of emotional distress against Barnett.  "A district court has

---

[5] Menefee is an unpublished decision and, in accordance with 11th Circuit Rule 36-2, is not considered binding precedent.  11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent.").  It is cited for its persuasive value only.

[6] The Magistrate Judge determined that Plaintiff does not assert a retaliation claim in this case.  (R&R at 4.)  Plaintiff has not objected to this determination, and it is adopted by the Court.

discretion to decline to exercise supplemental jurisdiction over the state law claims when . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  "The decision on [whether to retain jurisdiction over the state law claims] should be and is vested in the sound discretion of the trial court."  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).  See generally United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Plaintiff alleges, without elaboration, that even if the Court grants summary judgment on her Title VII claim, the principles of "judicial economy, convenience, fairness and comity point to a trial of the state claim in federal court."  (Pl.'s Objections to R&R at 4.)  The Court disagrees.  Considering the nature of Plaintiff's state-law claim, and the stage of the proceedings at which her Title VII claim has been dismissed, the Court finds the above-listed factors counsel against retaining supplemental jurisdiction over her state-law claim.  Accordingly, Plaintiff's objection is OVERRULED and this claim shall be dismissed without prejudice.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [54] is **ADOPTED IN FULL**. GMAC's Motion for Summary Judgment [36] is **GRANTED**. Barnett's Motion to Dismiss [38] is **GRANTED** and Plaintiff's claim against Barnett is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Barnett's Second Motion to Dismiss [56] is **DENIED AS MOOT**.

**SO ORDERED**, this 16th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE